**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2026 MSPB 6**

Docket No. SF-0752-23-0327-X-1

**Cynthia E. Montalvo,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

July 10, 2026

Chalmers C. Johnson, Esquire, Port Orchard, Washington,
  for the appellant.

David A. Thayer, Esquire, Joshua J. Roever, Esquire, and Michele Forte,
  Esquire, Bremerton, Washington, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**OPINION AND ORDER**

¶1      The administrative judge issued a compliance initial decision finding the agency in noncompliance with the decision in the underlying appeal and granting the appellant's petition for enforcement. *Montalvo v. Department of the Navy*, MSPB Docket No. SF-0752-23-0327-I-1, Initial Decision (May 7, 2024) (ID); *Montalvo v. Department of the Navy*, MSPB Docket No. SF-0752-23-0327-C-1, Compliance File (CF), Tab 17, Compliance Initial Decision (CID). For the reasons discussed below, we VACATE the portion of the compliance initial decision finding the appellant's discrimination claims directly reviewable in the

context of a petition for enforcement but otherwise find that the agency has achieved compliance and DISMISS the petition for enforcement.

## BACKGROUND

¶2    The appellant challenged the agency's action removing her based on a charge of excessive absences and raised affirmative defenses relating to disability discrimination and interference with her rights under the Family and Medical Leave Act.  ID at 2.  In a May 7, 2024 initial decision, the administrative judge reversed the removal action, finding that the agency improperly considered 339 of the charged 427 hours of allegedly excessive leave use and did not prove that the remaining 88 leave hours were excessive under the circumstances.  ID at 13-15. The administrative judge further held that the appellant did not establish her disability discrimination affirmative defenses.  ID at 17-19.  The administrative judge ordered the agency to cancel the removal, retroactively restore the appellant effective April 20, 2023, and pay her appropriate back pay with interest and benefits.  ID at 19-20.

¶3    The appellant subsequently filed a petition for enforcement.  The appellant contended that the agency had not restored her to duty and had refused to pay her back pay because, in the agency's view, she was not ready, willing, and able to perform the duties of her position during the back-pay period.  CID at 2-3.  The appellant additionally argued that the agency's refusal to pay her back pay constituted discrimination based on disability, retaliation based on disability, and a prohibited personnel practice.  CID at 3.

¶4    The administrative judge found, based on evidence submitted during the petition for enforcement proceedings, that the agency had restored the appellant to duty.  CID at 4.  Regarding the appellant's entitlement to back pay, the administrative judge held an evidentiary hearing and determined that the agency failed to demonstrate a basis for failing to pay back pay.  CID at 5-7.  Finally, although the agency contended that the appellant's discrimination claims fell

outside the scope of a petition for enforcement, the administrative judge held, based on *Jimenez v. U.S. Postal Service*, 58 M.S.P.R. 520, 525 (1993), that the Board may consider discrimination claims as distinct issues in a petition for enforcement. CID at 7; CF, Tab 14 at 3. Accordingly, the administrative judge considered the appellant's disability discrimination and retaliation claims, characterizing them as affirmative defenses, but found that the appellant did not prove that the agency's noncompliance constituted discrimination or retaliation.[1] Based on her noncompliance findings, the administrative judge ordered the agency to pay the appellant appropriate back pay with interest and benefits. CID at 10.

¶5 As neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114, the administrative judge's findings of noncompliance have become final, and the appellant's petition for enforcement has been referred to the Board for a final decision on compliance pursuant to 5 C.F.R. § 1201.183(c).[2] *Montalvo v. Department of the Navy*, MSPB Docket No. SF-0752-23-0327-X-1, Compliance Referral File (CRF), Tab 1.

¶6 During the pending compliance referral matter, the parties have both filed multiple submissions. CRF, Tabs 2-9. On November 19, 2025, the agency filed a document titled "Agency's Certification and Proof of Compliance," in which the agency provided evidence that its payor, the Defense Finance and Accounting Service (DFAS), had processed the appellant's back pay for payment by

---

[1] The administrative judge did not further address the appellant's prohibited personnel practice claim, and neither party filed a petition for review. Accordingly, we likewise have not addressed this claim.

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and/or (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(b)(1).

September 26, 2025. CRF, Tab 9 at 4-5. The agency included a back pay summary computation report, which listed the pay periods during the back pay period and the resulting gross back pay and interest thereon. *Id.* at 7-10.

¶7 The appellant, represented by counsel, did not file a response to the agency's submission.

## ANALYSIS

The Board may not adjudicate discrimination claims under a mixed case framework in a petition for enforcement.

¶8 The Board has jurisdiction to enforce its own orders and decisions under 5 U.S.C. § 1204(a)(2), and parties bring petitions for enforcement, also known as compliance cases, under this provision, as implemented through 5 C.F.R. §§ 1201.181-1201.183. When exercising its enforcement authority under § 1204(a)(2), the sole issue before the Board is whether the agency complied with the Board's prior final order or decision. *See* 5 U.S.C. § 1204(a)(2); 5 C.F.R. § 1201.181(a); *see also Oja v. Department of the Army*, 405 F.3d 1349, 1355 (Fed. Cir. 2005); *King v. Reid*, 59 F.3d 1215, 1218 (Fed. Cir. 1995).

¶9 In contrast, when exercising its authority under 5 U.S.C. § 1204(a)(1) to hear and adjudicate appealable actions within its jurisdiction, the Board may adjudicate claims of discrimination if the appellant has raised a "mixed case"—i.e., an appeal involving both "an action which the employee or applicant may appeal to the [] Board" and an allegation that a basis for the action was prohibited discrimination. 5 U.S.C. § 7702(a)(1); *see King*, 59 F.3d at 1218.

¶10 Our primary reviewing court has explained that an action that may be appealed to the Board under section 7702(a)(1)(A) is one expressly made appealable to the Board by law, rule, or regulation, such as adverse actions under chapter 75 or performance-based actions under chapter 43.[3] *King*, 59 F.3d at 1218.

---

[3] Both the U.S. Court of Appeals for the Federal Circuit and the Board have recognized that whistleblower individual right of action (IRA), Veterans Employment Opportunities Act of 1998 (VEOA), and Uniformed Services Employment and Reemployment Rights

But an agency's alleged noncompliance with a Board final order or breach of a Board-enforceable settlement agreement is not an appealable action under section 7702(a)(1)(A), and the Board may not adjudicate it under section 1204(a)(1), because no law, rule, or regulation expressly makes such breaches "appealable" to the Board. *Id.* As a result, a petition for enforcement cannot give rise to a mixed case as a matter of law. *Oja*, 405 F.3d at 1355; *King*, 59 F.3d at 1218. Thus, the Board may not adjudicate discrimination claims in an enforcement proceeding, even if they pertain to the agency's alleged noncompliance. *Oja*, 405 F.3d at 1355; *King*, 59 F.3d at 1218.

¶11    We have sporadically acknowledged over the years that discrimination claims cannot be adjudicated in an enforcement proceeding. *E.g.*, *Arredondo v. U.S. Postal Service*, 89 M.S.P.R. 40, ¶ 6 n.5 (2001) (citing *King* for the proposition that the Board lacks jurisdiction to adjudicate a "continuing discrimination" claim in the context of a petition for enforcement); *Choroszy v. Department of Homeland Security*, MSPB Docket Nos. PH-315H-16-0458-I-1, PH-315H-16-0458-C-1, Final Order, ¶ 18 (Apr. 27, 2022) (finding that, in a petition for enforcement appeal, the Board "may not decide a claim of discrimination that is alleged to be a basis in whole or in part of the agency's noncompliance"). However, we have not formally overruled *Jimenez*, which the administrative judge relied on in rejecting the agency's (correct) assertion that the appellant's discrimination claims fell outside the scope of her petition for enforcement. 58 M.S.P.R. at 525; CF, Tab 14 at 3.

_____

Act of 1994 (USERRA) cases cannot be mixed cases as a matter of law because the relevant statutes confine the Board's inquiry to, respectively, whistleblower retaliation, veterans preference violations, and military service-based discrimination or retaliation. *E.g.*, *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1327 (Fed. Cir. 2020) (IRA claims are not mixed cases); *Marren v. Department of Justice*, 51 M.S.P.R. 632, 641 (1991) (same), *aff'd per curiam*, 980 F.2d 745 (Fed. Cir. 1992) (Table), *and modified on other grounds by Robinson v. U.S. Postal Service*, 63 M.S.P.R. 307, 323 n.13 (1994); *Becker v. Merit Systems Protection Board*, No. 2023-1102, 2024 WL 2968964, at *2 (Fed. Cir. June 13, 2024) (VEOA and USERRA claims do not give rise to mixed cases); *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 11 (2001) (VEOA claims are not mixed cases); *Bodus v. Department of the Air Force*, 82 M.S.P.R. 508, ¶¶ 14-15 (1999) (USERRA claims are not mixed cases).

¶12 Additionally, we have not considered in a precedential decision whether *Oja* and *King* implicate our holding in *Gaydon v. U.S. Postal Service*, 37 M.S.P.R. 276, 279 (1988). As explained in *Gaydon*, the Board "has authority to examine an employee's retaliation claims in a compliance case" because "[a]n employee who is being retaliated against for having filed an appeal with the Board has not been returned to the status quo ante because the employee is not where he or she would have been if the agency had not taken the action." *Id.* (citing *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984)); *see also Fuller v. Department of Veterans Affairs*, MSPB Docket No. PH-0432-12-0006-C-5, Final Order, ¶ 12 (Aug. 9, 2022) (holding that *Gaydon* and *Kerr* "do not . . . authorize the Board to consider any and all retaliation claims raised in a petition for enforcement" but only those claims that "relate to status quo ante relief").

¶13 Likewise, we have not considered whether *Oja* and *King* implicate our holding in *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 320-25 (1995), that in assessing an alleged breach of a settlement agreement, the Board may consider retaliation or harassment claims implicating the agency's good faith implementation of a settlement term. *See also Bernard v. Department of Agriculture*, 788 F.3d 1365, 1367 n.1 (Fed. Cir. 2015) (construing a breach-of-settlement retaliation claim not as a stand-alone retaliation claim under the Whistleblower Protection Act but, citing *Kuykendall*, as "relevant in determining whether the agency breached its contractual obligation of good-faith cooperation").

¶14 We square these cases now by clarifying, consistent with *Oja* and *King*, that the Board may not adjudicate discrimination claims under 5 U.S.C. § 7702 in a petition for enforcement of a prior final Board order or decision, and thus compliance cases may not be mixed cases as a matter of law. To the extent *Jimenez*, 58 M.S.P.R. at 525, or other Board cases held otherwise, they are hereby overruled. However, consistent with our holdings in *Gaydon*, *Kuykendall*, and

*Fuller*, and with the U.S. Court of Appeals for the Federal Circuit's decision in *Bernard*, we recognize that the Board may consider alleged agency retaliation (including on discrimination grounds) to the extent such retaliation may constitute noncompliance with the final Board order or enforceable settlement agreement at issue. The Board will assess such claims as going to the status quo ante, that is, whether the agency restored the appellant to her status prior to the reversed or mitigated action; or similarly, to the agency's compliance with a settlement term. The Board will not consider whether such claims constitute actionable discrimination under a statute enumerated in 5 U.S.C. § 7702(a)(2)(B).[4]

¶15    In light of this holding, we vacate the portion of the compliance initial decision that addresses the appellant's discrimination and discrimination reprisal claims as affirmative defenses. We do not address these claims separately under a "status quo ante" analysis because they do not allege separate instances of noncompliance with the Board's final order; rather, they merely allege prohibited bases for the challenged noncompliance. We do not disturb the compliance initial decision's primary holding regarding the agency's noncompliance with its back pay obligations, and we address the agency's subsequent compliance below.

The agency has complied with its obligation to pay back pay and interest.

¶16    When, as here, the Board finds that a personnel action is unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[5] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a

---

[4] We note that an appellant who wishes to pursue discrimination or retaliation claims under the relevant discrimination statute may do so separately by filing an appropriate equal employment opportunity matter.

clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

¶17 As explained above, the agency eventually submitted its computation of the back pay and interest due to the appellant with evidence that the payments had been made. CRF, Tab 9 at 4-5, 7-10. The appellant, who was represented by counsel and had filed responses to the agency's previous submissions (which indicated that DFAS was working on the agency's behalf to calculate the back pay but had not yet completed payment), did not respond to the agency's final submission. Because the appellant has not responded to this evidence, we assume that she is satisfied with the agency's compliance with its outstanding obligations. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶18 In light of the foregoing unrebutted agency evidence, we find that the agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement.

## ORDER

¶19 This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

---

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals

of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board
Washington, D.C.